**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6721

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHUCK PARKER COLLINGTON, a/k/a Chuck Berry Collington,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:09-cr-00342-RBH-1)

Argued:  January 28, 2021                    Decided:  April 26, 2021

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Vacated and remanded with instructions by published opinion.    Judge Floyd wrote the opinion in which Judge Niemeyer and Judge Wynn concurred.

**ARGUED:**    Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Lauren L. Hummel, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:**  Sherri A. Lydon, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

FLOYD, Circuit Judge:

Defendant-Appellant Chuck Collington appeals the district court's denial of his motion for a reduced sentence pursuant to the First Step Act of 2018. Collington was sentenced in 2010 to thirty years' imprisonment after pleading guilty to various federal narcotics and firearm offenses. In 2019, Collington moved for a reduced sentence under section 404(b) of the First Step Act, contending that his sentence was ten years longer than the current statutory maximum. The district court denied Collington's motion, and he appealed to this Court, where the case was held in abeyance pending resolution of *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). We now vacate the district court's ruling and remand for further proceedings.

I.

A.

On March 24, 2009, a federal grand jury indicted Collington for conspiracy to distribute fifty or more grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One); possession with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Two); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). Collington and the government agreed that he would plead guilty to Count Two—possession of five or more grams of crack cocaine—in exchange for the dismissal of Counts One and Three. The parties further agreed that the district court could consider both dismissed counts at sentencing. At the time, a conviction

2

under § 841 involving at least five but fewer than fifty grams of crack cocaine carried a statutory minimum sentence of five years and a statutory maximum sentence of forty years. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009).

Collington's presentence investigation report (PSR) held him responsible for roughly 5500 grams of crack cocaine and 2000 grams of powder cocaine. *See* Opening Br. at 3. The PSR also included a cross-reference for first-degree murder when establishing his offense level. Accordingly, Collington's offense level was forty-five with a recommended Guidelines sentence of 480 months.

The district court sentenced Collington on April 27, 2010. During the sentencing hearing, Collington waived any objection to any finding in the PSR—including the murder cross-reference—in exchange for a below-Guidelines sentence of thirty years' imprisonment. The district court accepted the agreement, imposing a sentence of thirty years' imprisonment followed by four years of supervised release. The court described the sentence as "appropriate" and "a fair and reasonable [sentence] under all of the circumstances." J.A. 43. In particular, the court stated:

> I have considered all of the Title 18, United States Code, section [3553(a)] factors, and I think that this is appropriate punishment for [Collington's] conduct. He was involved in a serious drug offense here. He has been a significant drug dealer. And he has admitted also that he murdered this other individual.
>
> So, I think 30 years is an appropriate sentence for this particular individual under all of the circumstances. And I have considered all of the Title 18, United States Code, section [3553(a)] factors.

J.A. 43. The court did not further explain its sentencing decision.

3

B.

Collington's timing was unfortunate. Less than four months after his sentencing, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As we explained in detail in *United States v. Wirsing*, the Fair Sentencing Act reduced sentencing disparities between cocaine and crack cocaine offenses, which were widely criticized for producing racially disproportionate sentencing outcomes. 943 F.3d 175, 177–78 (4th Cir. 2019); Fair Sentencing Act, § 2, 124 Stat. at 2372. Under the Fair Sentencing Act's reforms, Collington's statutory maximum sentence would have been twenty years— ten years less than the thirty-year sentence imposed by the district court. *See* 21 U.S.C. § 841(b)(1)(C) (setting a mandatory maximum sentence of twenty years' imprisonment for possession with intent to distribute five or fewer grams of crack cocaine).[1] However, the Fair Sentencing Act only gave prospective relief to individuals sentenced after its enactment, leaving those like Collington without access to sentencing relief. *See United States v. Black*, 737 F.3d 280, 284–85 (4th Cir. 2013).

In 2018, Congress passed the First Step Act to remedy this gap by making the Fair Sentencing Act's reforms retroactive. *See United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020); *see also* First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132

---

[1] Although Collington was initially sentenced under § 841(b)(1)(B)(iii), the Fair Sentencing Act increased the amount of cocaine required to trigger this sentencing range from five grams to twenty-eight grams. Fair Sentencing Act, § 2, 124 Stat. at 2372. Because Collington's indictment specified his responsibility for five or more grams of cocaine, it alleged only sufficient facts to trigger the "fallback" penalty range of § 841(b)(1)(C). *See United States v. Dinnall*, 269 F.3d 418, 422–23, 423 n.3 (4th Cir. 2001).

Stat. 5194, 5222. In particular, section 404(b) of the First Step Act permits individuals such as Collington to petition the sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." FSA § 404(b), 132 Stat. at 5222 (citations omitted).

C.

In 2019, Collington filed a motion for sentencing relief under section 404(b), arguing that his sentence is unconstitutional because it is in excess of the statutory maximum made retroactively applicable by the First Step Act. The district court entered a text order on April 24, 2019, holding that Collington was eligible for First Step Act relief; requesting sentencing memoranda; and indicating its intent to consider "the new statutory range, the advisory guideline range, the factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing mitigation." J.A. 18.

Collington submitted a sentencing memorandum on May 7, 2019, arguing again that the court should reduce his sentence by at least ten years to 240 months—the current statutory maximum. Collington also submitted some evidence of post-sentencing mitigation in the form of education courses taken while incarcerated as well as his prison work history. The government did not submit a sentencing memorandum.

On May 15, 2019, the district court entered a text order denying Collington's motion. The court correctly calculated Collington's statutory maximum sentence and Guidelines range but stated that "nothing requires the Court to reduce [Collington's] sentence," despite recognizing that he "is now subject to a statutory maximum of 20 years

5

and a supervised release term of at least 3 years." J.A. 19. In denying Collington's motion, the district court stated that it had "thoroughly reviewed the record and the § 3553(a) factors," and based its decision on "the seriousness of [Collington's] drug count and the cross-reference to murder in [Collington's] PSR." *Id.* The district court also emphasized that it had originally sentenced Collington to thirty years' imprisonment pursuant to a plea agreement.

Collington timely appealed the denial of this motion.

## II.

On appeal, Collington contends that the district court erred in declining to reduce his sentence to—at the very least—the new statutory maximum sentence of twenty years' imprisonment. We begin, as always, with the text of section 404 of the First Step Act:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

FSA § 404, 132 Stat. at 5222 (citations omitted).

6

This Court has, in multiple cases, considered which individuals are eligible for relief because they were sentenced for "covered offenses" under section 404(a). *See Wirsing*, 943 F.3d at 185–86; *United States v. Venable*, 943 F.3d 187, 193–94 (4th Cir. 2019); *United States v. Gravatt*, 953 F.3d 258, 263–64 (4th Cir. 2020); *United States v. Woodson*, 962 F.3d 812, 815–17 (4th Cir. 2020). We have also instructed district courts as to the mandatory and permissive factors to analyze when considering sentence reductions for covered offenses. *See Chambers*, 956 F.3d at 671–75; *United States v. Jackson*, 952 F.3d 492, 500 (4th Cir. 2020). We now consider the limits of a court's discretion in disposing of First Step Act motions—namely, whether courts can retain a sentence above the retroactive statutory maximum and whether courts' decisions must be procedurally and substantively reasonable.[2] In answering these questions, we are guided by our past precedent, which clarifies the nature of First Step Act proceedings. We begin by recounting those holdings.

---

[2] This Court recently decided the case of *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), which examined the impact of our holding in *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019), in the First Step Act context. In *Martin*, we held that sufficient post-sentencing mitigation evidence can overcome the typical rule in 18 U.S.C. § 3582(c)(2) sentence modification proceedings that a district court is presumed to have considered the relevant sentencing factors. *Martin*, 916 F.3d at 396–98. This Court in *McDonald* applied that same rule to First Step Act proceedings, describing it as a "logical extension" despite such motions being brought under 18 U.S.C. § 3582(c)(1)(B). *McDonald*, 986 F.3d at 411. However, the *McDonald* opinion does not answer—or purport to answer—the further question of whether the requirements of section 404 extend beyond the *Martin* holding to encompass substantive and procedural reasonableness. We have not published an opinion deciding this latter question. *See Jackson*, 952 F.3d at 497 (declining to "resolve th[e] debate" over reasonableness review).

A.

We first examine the interplay of section 404 of the First Step Act and 18 U.S.C. § 3582(c). The latter provision provides multiple mechanisms for individuals to challenge otherwise final criminal sentences. We have held that section 404 motions are brought under § 3582(c)(1)(B), which permits district courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see also Chambers*, 956 F.3d at 671 ("First Step Act motions fall under § 3582(c)(1)(B) . . . ."). Also relevant to this appeal, § 3582(c)(2) permits defendants to move for a reduced sentence based on retroactive amendments to the Guidelines. 18 U.S.C. § 3582(c)(2) (allowing a court to "reduce [a] term of imprisonment" that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

Sentence modification proceedings pursuant to § 3582(c)(2) are limited in scope. *See United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (noting that § 3582(c)(2) "permits 'only a limited adjustment to an otherwise final sentence'" (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010))). Section 3582(c)(2) is "a narrow exception to the rule of [sentencing] finality," allowing a defendant to receive only the benefit of the Guidelines amendment, *Dillon*, 560 U.S. at 827, but "not authoriz[ing] a sentencing or resentencing proceeding," *id.* at 825. Accordingly, a district court is not typically empowered, for instance, to depart from the modified Guidelines range. *Id.* at 827. And district courts make *limited* use of the typical 18 U.S.C. § 3553(a) sentencing factors to determine only whether "the reduction authorized by reference to the [Guidelines] policies . . . is warranted in whole or in part." *Id.* Thus, "a district court proceeding under

8

§ 3582(c)(2) does not *impose a new sentence* in the usual sense," *id.* (emphasis added), but instead mechanically substitutes amended Guidelines provisions and decides whether to modify a sentence within that range.

The government—lacking the benefit of this Court's opinion in *Chambers*—argues in its briefing that we should import the narrow *Dillon* framework into our First Step Act analysis. But *Chambers* explained that § 3582(c)(1)(B) is a "distinct exception to finality" that stands "[i]n sharp contrast to § 3582(c)(2)." 956 F.3d at 671. Accordingly, First Step Act motions lack the restrictions imposed by *Dillon* on the scope of a district court's resentencing authority. *See Wirsing*, 943 F.3d at 185. Instead, § 3582(c)(1)(B) requires courts to "look to the underlying statute to determine what it expressly provides." *Chambers*, 956 F.3d at 671.

## B.

As § 3582(c)(1)(B) requires, we turn to section 404(b) of the First Step Act:

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

FSA § 404(b), 132 Stat. at 5222 (citations omitted). Unlike § 3582(c)(2)—which speaks purely in terms of sentence reductions—section 404(b) permits the district court to *impose* a sentence on defendants under the retroactively applicable Fair Sentencing Act reforms. *Id.* The use of the word "impose"—rather than "'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act"—is significant. *Chambers*, 956 F.3d

at 672.  This language confers a "greater authority" than that given by § 3582(c) alone.  *Id.* at 672 n.2.

Congress "could have" used the same restrictive language as § 3582(c)(2) but chose not to, so we can presume it intentionally selected the word "impose" to create more robust proceedings than those for § 3582(c)(2) modifications.  *Chambers*, 956 F.3d at 674; *see also Smith v. Reagan*, 844 F.2d 195, 201 (4th Cir. 1988) (noting presumption that Congress legislates against contemporary legal understandings).  This presumption is particularly justified given our consistent admonition that Congress intended section 404 of the First Step Act to give retroactive effect to the Fair Sentencing Act's reforms and correct the effects of an unjust sentencing regime.  *See, e.g.*, *Woodson*, 962 F.3d at 814 ("The First Step Act renders [the Fair Sentencing Act's reforms] retroactive by authorizing a district court . . . to impose a reduced sentence . . . ." (cleaned up)); *Wirsing*, 943 F.3d at 176–80 (summarizing the history of the First Step Act).  Indeed, given that the First Step Act was motivated by a belief that individuals prior to 2010 were sentenced under an unduly harsh statutory scheme, it makes sense that Congress would grant district courts greater sentencing authority to determine whether and how to reform individual sentences.  And this Court has endeavored to interpret the First Step Act to avoid contravening that intent.  *Chambers*, 956 F.3d at 674 (construing the First Step Act to effectuate Congress's intent to provide "greater justice" for applicants and avoid "self-circumscrib[ing] a sentencing court's authority under the [Act]"); *Wirsing*, 943 F.3d at 186 ("There is no indication that Congress intended a complicated and eligibility-limiting determination . . . .").

Accordingly, we both allow and *require* more of a sentencing judge in the First Step Act context than the § 3582(c)(2) context. First, district courts must accurately recalculate the Guidelines sentence range. *Compare Chambers*, 956 F.3d at 672, *with Dillon*, 560 U.S. at 821 (holding that a district court may only "substitute the amended Guideline range" in § 3582(c)(2) proceedings). Second, and relatedly, district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence. *Compare Chambers*, 956 F.3d at 672–74, *with Dillon*, 560 U.S. at 831 (holding that district courts lack the discretion to correct errors unaffected by a Guidelines amendment). Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. *See Chambers*, 956 F.3d at 674. Unlike sentence modification proceedings under § 3582(c)(2)—which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to within a predetermined range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even *depart downward* from the new Guidelines range. *Compare id.*, *with Dillon*, 560 U.S. at 830.

As with initial sentencings, the First Step Act tasks district courts with making a holistic resentencing determination as to whether the original sentence remains appropriate in light of the Fair Sentencing Act's reforms. *Chambers*, 956 F.3d at 674–75 ("There are generally no limitations on the types of character and background information a court may consider for sentencing purposes."); *cf. Pepper v. United States*, 562 U.S. 476, 490 (2011) ("Congress could not have been clearer in directing that '[n]o limitation . . . be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate

11

sentence.'" (alterations in original) (quoting 18 U.S.C. § 3661)). Given that the district court must decide whether to impose a new sentence, *see Chambers*, 956 F.3d at 672, the First Step Act naturally imports a more typical sentencing analysis than the expressly limited § 3582(c)(2) modification proceedings.[3]

Thus, even if not a plenary resentencing, we ask courts to make substantially more robust resentencing decisions than in § 3582(c)(2) proceedings.[4] Such proceedings result, potentially, in a new sentence and therefore rest between an initial or plenary sentencing hearing and a limited modification. With this understanding of First Step Act proceedings in mind, we consider the merits of Collington's arguments.

## III.

Collington first argues that the district court was obligated to impose a reduced sentence within the Fair Sentencing Act's statutory maximum sentence of twenty years. "We review the scope of a district court's sentencing authority under the First Step Act de novo," *Chambers*, 956 F.3d at 672, and conclude that district courts abuse their discretion

---

[3] In this respect, our holding in *Chambers* differs from several sister circuits who view First Step Act proceedings as more analogous to § 3582(c)(2) modifications. *See, e.g.*, *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (reading section 404(c)'s admonition to resentence "as if" the Fair Sentencing Act were in effect to limit district courts to mechanical application of the provision when determining a sentence).

[4] Importantly, we have not held that section 404 guarantees defendants a plenary sentencing hearing. *See Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing."). Sister circuits have concluded that the First Step Act does not entitle defendants to a hearing. *See, e.g.*, *United States v. Kelley*, 962 F.3d 470, 475–76 (9th Cir. 2020).

in letting stand a sentence of imprisonment that exceeds the statutory maximum established by the Fair Sentencing Act.

It is axiomatic in the plenary sentencing context that a court exceeds the limits of its authority when it imposes a sentence above that permitted by Congress. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) ("[A] court lacks the power to exact a penalty that has not been authorized by any valid criminal statute."); *United States v. Promise*, 255 F.3d 150, 159 (4th Cir. 2001) (en banc) (holding that "any sentence greater than 20 years would not be authorized" under § 841(b)(1)(C)). This Court has repeatedly emphasized that section 404 gives retroactive effect to the new statutory maximums imposed by the Fair Sentencing Act. *See, e.g.*, *Wirsing*, 943 F.3d at 184 ("[T]he very purpose of the First Step Act is to make the Fair Sentencing Act retroactive."); *Woodson*, 962 F.3d at 813 ("Section 404 makes retroactive the provisions of the Fair Sentencing Act of 2010 that reformed crack cocaine sentencing."). And as stated above, First Step Act resentencing decisions require the district court to determine whether and to what extent it should impose a *new* sentence under this retroactive statutory range. Accordingly, this exercise of the court's sentencing authority must take place within the boundaries of the minimum and maximum sentences set by Congress. So while the First Step Act provides that a district court "may . . . impose a reduced sentence," it abuses its discretion when it "impose[s] a reduced sentence" that exceeds the maximum established by the Fair Sentencing Act. *See* FSA § 404(b), 132 Stat. at 5222.

Resisting this conclusion, the government argues that the district court in this case did not impose a new sentence but merely declined to reduce a sentence that was legal at

13

the time it was imposed. Therefore, section 404 does not limit the court's authority to decline to reduce Collington's sentence. The government asks this Court to effectively hold that the First Step Act did not truly make the Fair Sentencing Act retroactive, such that it does not actually operate as a statutory maximum in section 404 proceedings. Instead, the government contends that because section 404(b) instructs courts to resentence "as if" the Fair Sentencing Act were in effect, Congress gave district courts the discretion to decide whether to apply those statutory ranges. *See* FSA § 404(b), 132 Stat. at 5222.

This reading of section 404 would produce results clearly at odds with Congress's intent and our background sentencing principles. First, section 404 is a clear exception to the general "default rule that reductions in criminal penalties are not retroactive." 3 Charles Alan Wright et al., *Federal Practice and Procedure* § 550 (4th ed. 2020). Under 1 U.S.C. § 109, amended criminal penalties generally do not apply to individuals who committed the offense prior to the amendment. *See Dorsey v. United States*, 567 U.S. 260, 273 (2012). But section 404 is a clear attempt by Congress to avoid this default rule given the explicit requirement that the court should treat the Fair Sentencing Act as having been "in effect *at the time the covered offense was committed.*" FSA § 404(b), 132 Stat. at 5222 (emphasis added). And once the Fair Sentencing Act's reforms are given retroactive effect, courts are obligated to exercise discretion within their constraints. *See Whalen v. United States*, 445 U.S. 684, 689 (1980) (recognizing "the basic principle . . . within our federal constitutional framework [that] the legislative power, including the power to . . . prescribe the punishments to be imposed upon those found guilty of [crimes], resides wholly with the Congress.").

14

Second, the government's reading would contravene Congress's intent in passing the First Step Act. Imagine, for instance, that Collington was sentenced to thirty years' imprisonment immediately after passage of the Fair Sentencing Act. That sentence would clearly be illegal because it would have been imposed above the applicable statutory maximum. But, as discussed, section 404(b) requires district courts to determine an appropriate sentence under the revised § 841(b)(1) sentencing ranges. To hold that courts are bound by § 841's maximum sentencing ranges in the first but not the second scenario would frustrate the goal of reducing disparities between pre- and post-Fair-Sentencing-Act offenders. *See Wirsing*, 943 F.3d at 186. The government's argument would ask us to instead hold that Congress intended to retain sentences *above* the statutory maximum it deemed appropriate for Collington's offense of conviction.

Finally, if the district court exercised its discretion under section 404(b) to reduce Collington's sentence to twenty years and one day, that new sentence would quite plainly be illegal. Indeed, we have recognized that district courts are not empowered under section 404(b) to impose a new sentence *below* a statutory minimum set by the Fair Sentencing Act. *See Chambers*, 956 F.3d at 674–75 & 675 n.4; *Gravatt*, 953 F.3d at 264 n.5 (noting that a district court "cannot avoid those statutory requirements"). Thus, a district court would not be empowered to impose a new sentence either above or below what is permitted under the Fair Sentencing Act. It would be illogical to permit a district court to avoid the mandatory nature of § 841's statutory ranges only when it decides to *retain* a sentence above those benchmarks. We instead conclude that the district court's overall sentencing authority is constrained by the retroactively applicable statutory maximums in § 841, such

15

that the district court abused its discretion in letting stand a sentence that was made illegal under the Fair Sentencing Act.

The government also argues that the plain language of section 404 compels the opposite conclusion. In particular, the government directs this Court to section 404(b)—which states that a district court "*may* . . . impose a reduced sentence," FSA § 404(b), 132 Stat. at 5222 (emphasis added)—as well as section 404(c)—which states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section," *id.* § 404(c). The government suggests this language compels a holding that no sentence—even one outside of current statutory maximums—need be reduced.

To be sure, we have recognized that this language confers wide latitude on district courts when resolving First Step Act motions. *See Wirsing*, 943 F.3d at 180 ("Congress left the decision as to whether to grant a sentence reduction to the district court's discretion."); *Gravatt*, 953 F.3d at 264 ("It is for the district court, in its discretion, to consider whether Gravatt is entitled to relief."). However, this Court has not yet had to decide whether a district court can, as a matter of discretion, retain a sentence above the statutory maximum. And it is those statutory maximums made retroactive by the First Step Act, not section 404(c) itself, that require a reduction in sentence. Section 404(c) only makes clear that district courts retain broad authority to decide, following a resentencing analysis, that the originally imposed sentence remains appropriate under the Fair Sentencing Act. It does nothing to alter the usual understanding that a sentence may not exceed the applicable statutory range. *See Welch*, 136 S. Ct. at 1268.

Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing. The lesson of our opinion in *Chambers* is that the district court may only exercise its discretion to reduce or not reduce any given sentence after faithfully considering a number of resentencing factors. *See* 956 F.3d at 671–75. Today, we hold that one of those criteria—as is typically true in sentencing—is the applicable statutory maximum sentence. If sentenced today, Collington would be subject to the sentencing ranges set forth in § 841(b)(1)(C). And as the district court correctly stated in its order, that range sets a maximum mandatory term of twenty years' imprisonment. The district court erred by not resentencing Collington to—at most—twenty years' imprisonment.

IV.

The parties also dispute whether the district court adequately explained its decision to retain a sentence one decade longer than both the current statutory maximum and recommended Guidelines sentence. Importantly, because we remand to the district court for further proceedings, we resolve an open question in this Circuit—whether First Step Act resentencing decisions must be procedurally and substantively reasonable. We now hold that when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable. On remand, the district court must comply with our typical substantive and procedural reasonableness requirements, including our requirement that it adequately explain its sentencing decision.

Generally, sentencing decisions are reviewed for abuse of discretion. *See, e.g.*, *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (plenary sentencing); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (section 3582(c)(2) sentence modification). In the plenary sentencing context, our review for abuse of discretion considers whether the district court imposed a procedurally and substantively reasonable sentence. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). But as explained above, the Supreme Court and this Court have clearly distinguished sentence modification proceedings under § 3582(c)(2) from typical sentencing proceedings. *See Dillon*, 560 U.S. at 831; *Peters*, 843 F.3d at 579. Accordingly, we have not applied the typical procedural and substantive reasonableness requirements to abuse-of-discretion review of § 3582(c)(2) motions. *See Jackson*, 952 F.3d at 497; *see also, e.g.*, *United States v. Legree*, 205 F.3d 724, 727–29 (4th Cir. 2000) (not applying reasonableness review); *United States v. Smalls*, 720 F.3d 193, 195–99 (4th Cir. 2013) (same).

Collington argues that his sentence was substantively and procedurally unreasonable, requiring us to decide whether that framework applies to First Step Act motions. The government instead asks this Court to apply the more limited procedural framework surrounding § 3582(c)(2) motions. Of course, the government lacked the benefit of our opinion in *Chambers* when it submitted its briefing in this case. And *Chambers* sets forth a more robust set of sentencing considerations than those imposed by § 3582(c)(2). We therefore ask whether First Step Act proceedings are more amenable to typical procedural and substantive reasonableness requirements than more limited § 3582(c)(2) modifications.

18

Different circuits have adopted varying approaches to this question. At least five circuits—each of which break, in some respect, with the *Chambers* logic—have not applied a reasonableness requirement to First Step Act determinations.[5] The Sixth and D.C. Circuits, by contrast, have each adopted some form of reasonableness review. *See United States v. White*, 984 F.3d 76, 90–91 (D.C. Cir. 2020); *United States v. Boulding*, 960 F.3d 774, 783–84 (6th Cir. 2020).

We conclude that the holdings of the Sixth and D.C. Circuits are more convincing and in-line with our own understanding of section 404. Indeed, courts that have declined to impose substantive and procedural reasonableness requirements on First Step Act proceedings have rejected the sort of mandatory considerations imposed by *Chambers*. *See, e.g.*, *United States v. Kelley*, 962 F.3d 470, 477–79 (9th Cir. 2020). Similarly, other courts have construed First Step Act proceedings as similar in kind to limited § 3582(c)(2) modification proceedings. *United States v. Batiste*, 980 F.3d 466, 479–80 (5th Cir. 2020) ("[W]e determined, in the context of [an] 18 U.S.C. § 3582(c)(2) motion, that the district

---

[5] *See United States v. Concepcion*, --- F.3d ---, 2021 WL 960386, at *7–8, *10 (1st Cir. 2021) (noting the "circumscribed" nature of First Step Act relief, not requiring reconsideration of the § 3553(a) factors, and applying abuse of discretion); *United States v. Moore*, 975 F.3d 84, 88–92, 90 n.5 (2d Cir. 2020) (asking only whether court abused its discretion and noting limited nature of relief); *United States v. Batiste*, 980 F.3d 466, 479–80 (5th Cir. 2020) (holding abuse of discretion but not reasonableness applies given similarities to § 3582(c)(2)); *Kelley*, 962 F.3d at 477–79 (holding district courts are not obligated to recalculate Guidelines range or consider § 3553(a) factors and asking only whether district court "properly exercised its discretion"); *United States v. Mannie*, 971 F.3d 1145, 1154–55, 1158 n.18 (10th Cir. 2020) (rejecting reasonableness review and holding consideration of § 3553(a) factors is discretionary).

19

court was not required to provide reasons or explain its consideration of the § 3553(a) factors . . . . On the record before us, we reach the same conclusion here.").

But, of course, this Court has already distinguished section 404(b) proceedings from § 3582(c)(2) proceedings. Additionally, section 404(c) of the First Step Act requires district courts to undertake "a complete review of the motion on the merits." FSA § 404(c), 132 Stat. at 5222. As the Sixth and Seventh Circuits have held, this language reflects a congressional intent that district courts engage in a "close review" of section 404 motions. *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (per curiam); *Boulding*, 960 F.3d at 784. And this Court's opinion in *Chambers* has imposed the types of procedural steps contemplated by our typical reasonableness review. *See, e.g.*, *Blue*, 877 F.3d at 517–18 (noting requirement that district court consider nonfrivolous arguments pursuant to the § 3553(a) factors).

Similarly, substantive reasonableness requires a sentence to be justified under the totality of the circumstances, especially when there is a large deviation from the Guidelines range. *United States v. Provance*, 944 F.3d 213, 219–20 (4th Cir. 2019). District courts must assure themselves that "the sentence is sufficient, but not greater than necessary" under the § 3553(a) factors. *Mendoza-Mendoza*, 597 F.3d at 216 (cleaned up). Importantly, one of the § 3553(a) factors is "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6). Given the purpose of the First Step Act to reduce sentencing disparities and our requirement that the district court consider the § 3553(a) factors, it naturally follows that a substantive reasonableness requirement would attach to First Step Act proceedings. *Accord United States v. Foreman*, 958 F.3d 506, 514 (6th Cir.

20

2020) (observing that reasonableness "has increasingly become the default standard for assessing a defendant's challenge to his or her sentence").

"In short, the Fair Sentencing Act and First Step Act, together, are strong remedial statutes, meant to rectify disproportionate and racially disparate sentencing penalties." *White*, 984 F.3d at 90. As described above, Congress has chosen to correct those disparities by broadly empowering district courts to resentence defendants—unlike the more cabined approach to § 3582(c)(2) requests. True, the First Step Act does not explicitly restrict district courts' discretion in doing so. But neither the First Step Act's broadly remedial purpose to ensure "greater justice" for those subject to "a racially disparate sentencing scheme," *Chambers*, 956 F.3d at 674, nor its requirement of a full review prior to the potential imposition of a sentence can be fully effectuated absent the application of a procedural and substantive reasonableness requirement.

Of course, "the precise contours of such review will no doubt differ [from plenary resentencing] and evolve as we consider First Step Act appeals." *Foreman*, 958 F.3d at 514. For instance, procedural reasonableness in this context would not require the district court to hold a resentencing hearing. Nor will reasonableness review impose undue hardships on district courts, especially because they must already consider the *Chambers* requirements. Today we merely hold that procedural and substantive reasonableness also require courts to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision. *See Blue*, 877 F.3d at 517–18. Because we vacate

21

and remand the district court's First Step Act decision for reconsideration, we need not address whether the sentence in this case was ultimately procedurally or substantively reasonable.[6]

V.

The First Step Act, although modest in scope, represents an attempt by Congress to remedy an unjust sentencing structure for crack cocaine offenses. To do so, it made the Fair Sentencing Act's reduced statutory maximum sentences retroactively applicable to those sentenced under an outdated, harsher sentencing scheme. That change reflects Congress's more compassionate approach to drug sentencing and its rejection of sentences above that range. It is axiomatic that Congress has the power to define maximum sentencing ranges and this branch lacks the power to exceed those ranges during sentencing. This is not a case in which a district court retained a sentence that would be permissible under the Fair Sentencing Act, but instead a case in which the district court left

---

[6] The parties dispute whether the district court adequately explained its decision as required by this Court's procedural reasonableness review. *Blue*, 877 F.3d at 518. We do not reach an ultimate conclusion as to the court's reasoning. We note, however, that the court's explanation must be sufficient "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Here, the district court's brief analysis was silent as to several § 3553(a) factors that are particularly salient in the First Step Act context. For instance, Collington's sentence implicated § 3553(a)(3), the kinds of sentences available; § 3553(a)(4), the sentencing range set by the Guidelines; and perhaps most importantly, § 3553(a)(6), the need to avoid unwanted sentence disparities. The brevity of the court's analysis is also problematic, given that it retained a sentence above the new Guidelines range of 240 months—a reduction from 360 months driven by *Congress*'s decision to lower the maximum sentencing range. *See United States v. Smith*, 959 F.3d 701, 703 (6th Cir. 2020) ("[T]he fact that Congress was the actor that reduced [the defendant's] guideline range through the passage of the First Step Act, rather than the Sentencing Commission, if anything increases rather than decreases the need to justify disagreement with the guideline.").

in place a sentence that exceeds the maximum permissible sentence by a decade. To affirm such a decision, this Court would have to turn its back not only on this Court's understanding of the First Step Act but also our background sentencing principles.

Similarly, our precedent confirms that the First Step Act broadly empowers district courts to resentence defendants subject to the pre-Fair-Sentencing-Act regime. Section 404 therefore contemplates both a broader resentencing inquiry and greater procedural protections than § 3582(c)(2) modifications. In light of the more robust nature of First Step Act proceedings, we also hold that they are most naturally reviewed for procedural and substantive reasonableness. On remand, the district court should ensure that its sentence will comport with our typical review for reasonableness, which includes a sufficient explanation of its analysis of the § 3553(a) factors, as applied to Collington. For the foregoing reasons, the judgment of the district court is

*VACATED AND REMANDED WITH INSTRUCTIONS.*