**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7547**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAWAYNE DEVONE LOVE, a/k/a Terry Wayne Love, a/k/a T-Wayne,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:03-cr-00187-1)

Submitted:  May 25, 2021                                      Decided:  June 7, 2021

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Tawayne Devone Love, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tawayne Devone Love appeals the district court's order denying relief on his motions filed pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We vacate the district court's order and remand for reconsideration in light of *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, __ F.3d __, No. 20-6571, 2021 WL 1823287 (4th Cir. May 7, 2021).

We previously held in *United States v. Chambers* that, "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted). Furthermore, "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We also held that "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674. Additionally, "the First Step Act does not constrain courts from recognizing Guidelines errors," *id.* at 668, or "preclude the court from applying intervening case law," *id.* at 672, in making its discretionary determination.

In a prior appeal, we instructed the district court to reconsider its earlier order denying Love's motion in light of *Chambers*. *United States v. Love*, 814 F. App'x 779, 781 (4th Cir. 2020) (No. 19-6431(L)). On remand, the district court concluded that Love's Guidelines range did not change because he remained a career offender; however, the court did not address Love's argument that he was no longer a career offender under current law.

2

Moreover, while the district court addressed the § 3553(a) factors, it only engaged with Love's arguments regarding his postsentencing rehabilitation in a footnote.

In *Collington*, we clarified three steps a district court must take when considering a request for relief under Section 404: (1) "district courts must accurately recalculate the Guidelines sentence range," (2) "district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "the court must consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355. We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

We provided further guidance to district courts in *Lancaster*. We explained that a district "court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law." 2021 WL 1823287, at *3 (internal quotation marks omitted). This requires a district court to correct Guidelines errors based on non-retroactive changes in the law. *Id.* at *4. We cautioned, however, that this "analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors." *Id.* at *3.

Because the district court did not have the benefit of our decisions in *Collington* and *Lancaster*, we vacate the district court's order and remand for reconsideration. By this

3

disposition, we express no view on the ultimate merits of Love's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*