**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7022**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MCKINLEY SHONDELL JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:07-cr-00322-FL-1)

Submitted: June 9, 2021                        Decided: June 17, 2021

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

McKinley Shondell Jones appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The court found that Jones was eligible for a reduction, and his Guidelines range had been lowered due to application of the Fair Sentencing Act; but his conduct in custody did not evidence rehabilitation, and his current sentence, which is 52 months below the new range, "remains necessary to account for the seriousness of the offense conduct, promote respect for the law, deter defendant from future criminal conduct, and protect the public." On appeal, he contends his sentence is substantively unreasonable. We affirm.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks and citations omitted). "To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law,' and a brief reconsideration of the factors set forth in [18 U.S.C.] § 3553(a)." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (citing *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021); *United States v. Chambers*, 956 F.3d 667, 672, 674 (4th Cir. 2020)). "And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing." *Id.* at 175.

"Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing." *Id.* (citations omitted).

2

"Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors." *Id*. "Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id*. "If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated." *Id*.; *see also Collington*, 995 F.3d at 358 ("courts retain broad authority to decide, following a resentencing analysis, that the originally imposed sentence remains appropriate under the Fair Sentencing Act.").

We review a district court's First Step Act § 404 proceedings for procedural and substantive reasonableness. *Collington*, 995 F.3d at 358-61. Procedural reasonableness requires the court "to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id*. at 360 (citation omitted). We presume the court considered relevant sentencing factors. *Id.* at 353 n.2 (citing *McDonald*, 986 F.3d at 411). "[S]ubstantive reasonableness requires a sentence to be justified under the totality of the circumstances, especially when there is a large deviation from the Guidelines range." *Id*. at 360 (citation omitted). We presume a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018).

Jones does not contend the district court's decision was not procedurally reasonable, and we conclude that it was. The court conducted the required analysis to determine the sentence that it would have imposed under the Fair Sentencing Act in light of intervening

3

circumstances, including the reduced Guidelines range and his post-sentencing conduct. It considered his arguments, gave individual consideration to his characteristics in light of the § 3553(a) factors, determined—following the Fair Sentencing Act—that the existing sentence remained appropriate in light of the factors, and adequately explained its decision.

Jones contends that the district court substantively erred because it did not grant his request for a sentence that was below his new Guidelines range by a comparable percentage as his previously reduced sentence; it relied on factors present at his original sentencing; and three of his 17 disciplinary infractions were noted by the probation officer when his sentence was last reduced in March 2016. We have reviewed the record and conclude that the court did not err or abuse its discretion in denying his motion, and he fails to rebut the presumption that his existing sentence is substantively reasonable. The court reasonably found that his conduct in custody did not evidence rehabilitation; and under the totality of the circumstances, the § 3553(a) factors did not support the requested reduction.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*