**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7155**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

WALTER JAMES BROWN, II, a/k/a J Chill,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:08-cr-00150-D-1)

Submitted:  July 28, 2021         Decided:  August 13, 2021

Before WYNN, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Walter James Brown, II, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter James Brown, II, appeals the district court's order denying relief on his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), and denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by First Step Act § 603(b)(1). For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We first consider Brown's motion for compassionate release. After reviewing the record, we conclude that the district court did not abuse its discretion in denying Brown's motion. *See United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (affirming denial of compassionate release based on balancing of § 3553(a) factors, even though the district court did not "explicitly address" the defendant's argument that "extraordinary and compelling reasons" supported release). Accordingly, we affirm this portion of the district court's order.

Turning to Brown's First Step Act motion for a sentence reduction, the district court determined that Brown qualified for relief under the First Step Act but declined to reduce Brown's 262-month sentence. We review the district court's decision whether to grant a First Step Act reduction to an eligible defendant for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). After the district court issued its decision in this case, we held that a "district court's overall sentencing authority is constrained by the retroactively applicable statutory maximums in [21 U.S.C.] § 841" and

that a court "abuse[s] its discretion in letting stand a sentence that was made illegal under the Fair Sentencing Act."[*] *United States v. Collington*, 995 F.3d 347, 357 (4th Cir. 2021).

When Brown was sentenced in 2008, the statutory penalties for his conviction for possession with intent to distribute more than five grams of cocaine base ("crack") were between 60 and 480 months' imprisonment. 21 U.S.C. § 841(a), (b)(1)(B)(iii) (2006). If sentenced today, Brown would instead be subject to the sentencing range set forth in 21 U.S.C. § 841(b)(1)(C) (2018), which establishes a penalty of no more than 240 months' imprisonment for offenses involving less than 28 grams of crack. Therefore, the district court erred by not resentencing Brown to—at most—240 months' imprisonment. *See Collington*, 995 F.3d at 358. We therefore vacate the district court's denial of First Step Act relief and remand for further proceedings in light of *Collington*.

For the aforementioned reasons, we affirm the district court's order in part, vacate in part, and remand. We deny Brown's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[*] Pub. L. No. 111-220, 124 Stat. 2372 (2010).