**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-6264

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

KELVIN ANDRE SPOTTS, a/k/a Shorty,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:98-cr-00047-1)

Submitted:  July 27, 2021                           Decided:  August 16, 2021

Before GREGORY, Chief Judge, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kelvin Andre Spotts, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Andre Spotts appeals the district court's orders granting in part and denying in part his motion for a sentence reduction under § 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5222, and denying his motions for reconsideration. On appeal, Spotts challenges the procedural reasonableness of his reduced sentence. We vacate the district court's orders and remand for reconsideration in light of *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021).

In *Collington*, we held that where, as here, "a court exercises discretion to reduce a sentence [under the First Step Act], the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. While the court does not necessarily have to hold a full resentencing hearing, it must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the [18 U.S.C.] § 3553(a) factors, determine . . . whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

Because *Collington* requires the court to impose a procedurally reasonable sentence, the court must, among other things, consider the parties' arguments regarding the § 3553(a) factors. *See id.* Here, although the court analyzed the § 3553(a) factors relative to its findings at the original sentencing hearing and its independent research regarding Spotts' institutional adjustment, it did not accord the parties the opportunity to present any arguments. For example, Spotts points to his intent to present arguments based on the prison staff's recommendation of his immediate release and a commendation he received from the prison warden. We conclude that the district court should have given Spotts the

2

opportunity to present arguments, through a memorandum or otherwise, addressing the sentencing factors and his post-sentencing conduct.

Because the district court did not have the benefit of our decision in *Collington*, we vacate the court's orders and remand for reconsideration.[*] Counsel should be appointed by the district court on remand. We deny Spotts' motion for accelerated case processing and his motion for an extension of time in which to file a reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no view on the merits of Spotts' motion.