UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-7087**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRICK LEVON PLATT,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:09-cr-01146-RBH-1)

Submitted: July 29, 2021                      Decided: August 27, 2021

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Derrick Levon Platt, Appellant Pro Se. Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Levon Platt appeals the district court's order granting partial relief on his motion filed pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We vacate the district court's order and remand for reconsideration in light of *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021).

We previously held in *United States v. Chambers* that, "when imposing a new sentence" under the First Step Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d 667, 672 (4th Cir. 2020) (internal quotation marks omitted). Furthermore, "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. We also held that "the [18 U.S.C.] § 3553(a) sentencing factors apply in the § 404(b) resentencing context," and a court "may consider post-sentencing conduct" in determining whether to exercise its discretion to reduce a sentence. *Id.* at 674. Additionally, "the First Step Act does not constrain courts from recognizing Guidelines errors," *id.* at 668, or "preclude the court from applying intervening case law," *id.* at 672, in making its discretionary determination. The district court correctly applied *Chambers* and considered the § 3553(a) factors and Platt's postsentencing conduct.

After *Chambers*, in *Collington*, we clarified three steps a district court must take when considering a request for relief under Section 404: (1) "district courts must accurately recalculate the Guidelines sentence range," (2) "district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence,"

2

and (3) "the court must consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355. We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

We provided further guidance to district courts in *Lancaster*. We explained that a district "court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law." 997 F.3d at 175 (internal quotation marks omitted). This requires a district court to correct Guidelines errors based on non-retroactive changes in the law. *Id.* at 176. We cautioned, however, that this "analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors." *Id.* Like the defendant in *Lancaster*, Platt no longer qualifies as a career offender in light of our decision in *United States v. Norman*, 935 F.3d 232, 237-39 (4th Cir. 2019). Thus, after *Norman*, "the district court was left . . . with gaps that needed to be filled to calculate an appropriate Guidelines range." *Lancaster*, 997 F.3d at 176.

Because the district court did not have the benefit of our decisions in *Collington* and *Lancaster*, we vacate the district court's order and remand for reconsideration. By this disposition, we express no view on the ultimate merits of Platt's motion. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*