**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4535**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CASEY OMAR DAVIS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:03-cr-00146-RGD-TEM-2)

Submitted: October 27, 2021                Decided: November 10, 2021

Before KING, WYNN, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Suzanne V. Suher Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, George Meggali, Special Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Casey Omar Davis pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846, and in 2004 received a sentence of 262 months' imprisonment, later reduced to a term of 168 months, and a five-year term of supervised release. Davis began his term of supervised release on August 21, 2015. In 2018, police in Suffolk, Virginia, arrested Davis for possession with intent to distribute cocaine, crack cocaine, and marijuana. The district court issued a warrant for Davis' detention and ordered a revocation hearing. At the first revocation hearing, Davis admitted the alleged violation and sought relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). The district court ordered additional briefing on the issue. At the second hearing, the court declined to apply the First Step Act, calculated the Sentencing Guidelines' policy statement range as 30 to 37 months, and sentenced Davis to 30 months' imprisonment. We vacate and remand.

On appeal, Davis challenges the district court's refusal to apply the First Step Act in sentencing him for the supervised release violation. Where a defendant is serving a sentence for a "covered offense," the First Step Act authorizes a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) [("Fair Sentencing Act")] were in effect at the time the

covered offense was committed." [*] First Step Act § 404(b), 132 Stat. at 5222. Thus, defendants like Davis, who were sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) before the Fair Sentencing Act's August 3, 2010, effective date, who are not excluded by the limitations in § 404(c) of the First Step Act, are eligible to seek relief under the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019). The First Step Act authorizes district courts to grant relief to defendants serving revocation sentences where the underlying conviction qualifies as a covered offense under the First Step Act. *United States v. Venable*, 943 F.3d 187, 193-95 (4th Cir. 2019).

When considering whether to grant First Step Act relief, the "district court[] must accurately calculate the Guidelines sentence range." *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021). This calculation also requires the district court to "*correct original Guidelines errors and apply intervening case law made retroactive to the original sentence.*" *Id.* Additionally, we have "repeatedly emphasized that [§] 404 gives retroactive effect to the new statutory maximums imposed by the Fair Sentencing Act." *Id.* at 356. The First Step Act requires courts to "treat the Fair Sentencing Act as having been 'in effect *at the time the covered offense was committed.*'" *Id.* at 357 (quoting First Step Act § 404(b), 132 Stat. at 5222).

When Davis was sentenced in 2004, he faced a statutory maximum of life; accordingly, his conviction was classified as a Class A felony. *See* 18 U.S.C. § 3559(a)(1).

---

[*] Davis challenges the procedural reasonableness of his sentence as well. Because we conclude that the district court erred in denying his First Step Act motion, we do not consider the sentence's procedural reasonableness.

3

But because the indictment charged Davis with conspiracy to distribute 50 or more grams of cocaine base, Davis would face a statutory maximum of 40 years if convicted today. S*ee* 21 U.S.C. § 841(a)(1)(B).  Therefore, under the First Step Act, Davis' conviction is now classified as a Class B felony.  *See* 18 U.S.C. § 3559(a)(2).  Because Class A and Class B felonies are subject to different policy statement ranges, *see* U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2018), we conclude that the district court failed to accurately calculate Davis' policy statement range.  Thus, we vacate Davis' sentence and remand for resentencing.

Davis requests that we reassign his case to a different district court judge on remand. *See United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019) (discussing factors we consider in deciding whether to reassign a case).  Although we may find troubling the district court's statements during the revocation hearing regarding the history of, and punishment for, opium use in ancient China, and the discussion of an unrelated drug crime in Chesapeake, Virginia, which had no bearing on Davis' sentence, we are not prepared to say that these statements show improper bias against Davis.  Accordingly, we deny the motion to reassign this case to a different district judge on remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*