**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6158**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHEUKMA KENYATA SANDERS, a/k/a Kuma,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:07-cr-00050-KDB-CH-13)

Submitted:  February 17, 2023                                    Decided:  March 7, 2023

Before WILKINSON and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Megan C. Hoffman, Assistant Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cheukma Kenyata Sanders appeals the district court's order granting in part his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222 ("First Step Act").  We dismiss the appeal as moot.

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted).  "Because mootness is jurisdictional, we can and must consider it even if neither party has raised it." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (internal quotation marks omitted).  "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc.*, 986 F.3d at 463 (internal quotation marks omitted).

Sanders' First Step Act motion specifically requested that the district court reduce his sentence to time served and eight years' supervised release.  The district court granted his request for an eight-year term of supervised release and reduced his term of imprisonment to 210 months.  During the pendency of this appeal, Sanders completed his prison term.

Generally, completion of a term of imprisonment does not moot an appeal of the sentence when the defendant is serving a supervised release term, as success on the appeal

2

could alter the supervised release component of the sentence. *See Ketter*, 908 F.3d at 66. Here, however, Sanders has already received the relief he requested with respect to his supervised release term, and the district court lacks discretion to further reduce that term. *See* 21 U.S.C. § 841(b)(1)(B); *see also United States v. Collington*, 995 F.3d 347, 357 (4th Cir. 2021) ("[D]istrict courts are not empowered under section 404(b) to impose a new sentence *below* a statutory minimum set by the Fair Sentencing Act."), *overruled in part on other grounds by Concepcion v. United States*, 142 S. Ct. 2389 (2022).  Additionally, because Sanders has fully served his term of imprisonment, the district court could not grant any effectual relief on his request for a sentence of time served.

Accordingly, we dismiss the appeal as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*