**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7046**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELIUS DEON RIVERS, a/k/a Neil,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:08-cr-01072-RBH-2)

Submitted: July 8, 2021                                             Decided: July 14, 2021

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Cornelius Deon Rivers, Appellant Pro Se. Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Deon Rivers appeals the district court's order partially granting his motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("the Act"). We vacate the district court's order and remand for reconsideration in light of *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020), *United States v. Collington*, 995F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021).

"We review the scope of a district court's sentencing authority under the First Step Act de novo[.]" *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). We review the district court's decision whether to grant a First Step Act reduction to an eligible defendant for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020); *see also Collington*, 995 F.3d at 358 (applying reasonableness review to First Step Act sentence reductions).

In *Chambers*, we held that, "when imposing a new sentence" under the Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). "[A]ny Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. Moreover, the Act neither "constrain[s] courts from recognizing Guidelines errors," *id.* at 668, nor "preclude[s] the court from applying intervening case law," *id.* at 672, in making its discretionary determination under the Act.

In *Collington*, we clarified three steps that a district court must take when considering a request for relief under Section 404 of the Act: (1) "accurately recalculate

the Guidelines sentence range," (2) "correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355 (emphasis omitted). We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360; *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining, in context of original sentencing, that district court imposes procedurally unreasonable sentence by miscalculating applicable Guidelines range).

We provided further guidance to district courts in *Lancaster*. There, we reemphasized that a district "court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law." 997 F.3d at 175 (internal quotation marks omitted). Applying this rule to the facts before us, we concluded that the district court committed reversible error when it declined to recalculate the appellant's Guidelines range without the career offender enhancement imposed at his original sentencing, which had been invalidated by intervening, nonretroactive authority in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2012). *Lancaster*, 997 F.3d at 176. We cautioned, however, that a First Step Act proceeding is not intended to act as a plenary resentencing or "a complete or new relitigation of Guidelines issues or the § 3553(a)

3

factors," but instead "is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id.* at 175.

Here, in support of his request for a First Step Act reduction, Rivers raised challenges to certain Guidelines calculations made at his original sentencing, including a challenge to his career offender enhancement analogous to that raised in *Norman*. Although the district court accepted that Rivers would no longer qualify as a career offender when conducting its 18 U.S.C. § 3553(a) analysis, the court expressly declined to reconsider its original Guidelines calculations when adjudicating Rivers' First Step Act motion.

Because the district court did not have the benefit of our decisions in *Chambers*, *Collington*, and *Lancaster*, we vacate the district court's order and remand for reconsideration. By this disposition, we express no view on the ultimate merits of Rivers' motion. We deny Rivers' motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*