**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6693**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS COBRIAL CHALK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:03-cr-00146-RGD-TEM-1)

Submitted:  August 20, 2021                     Decided:  September 3, 2021

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Travis Cobrial Chalk, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Cobrial Chalk appeals the district court's order granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and reducing his supervised release revocation sentence to 36 months' imprisonment. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). On appeal, Chalk argues that the district court committed several procedural errors and should have granted him a greater sentence reduction. Because the district court resolved Chalk's First Step Act motion without the benefit of our decision in *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), we vacate and remand.[1]

We review for abuse of discretion the district court's ruling on Chalk's First Step Act motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). In *Collington*, we explained that a district court is obliged to proceed in the following manner when imposing sentence under the First Step Act: (1) the court "must accurately recalculate the [Sentencing] Guidelines sentence range," (2) the court "must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "the court must consider the [18 U.S.C.] § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355.

Our *Collington* decision also ruled that when a district court "exercises [its] discretion to reduce a sentence, the imposition of the reduced sentence must be

---

[1] Chalk also appeals the district court's order denying reconsideration. Because we vacate the district court's order resolving Chalk's First Step Act motion, we need not address Chalk's challenge to the order denying reconsideration.

procedurally and substantively reasonable." *Id.* at 358. A district court imposing sentence under the First Step Act is therefore required to "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine . . . whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

We conclude that the district court erred in two respects when resolving Chalk's First Step Act motion. First, the district court failed to recalculate Chalk's nonbinding policy statement range under Chapter Seven of the Guidelines before resentencing Chalk. We require a "reduced sentence" under the First Step Act to be procedurally reasonable, *id.* at 355, and we have generally held that a revocation sentence is procedurally reasonable only if the district court considers the policy statement range before imposing sentence, *see, e.g.*, *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007). Here, however, the district court offered no indication that it had recalculated the policy statement range and considered the recalculated range when resentencing Chalk. Moreover, it was imperative for the district court to do so given that the First Step Act worksheet prepared by the probation officer did not recalculate that range and that the parties disagreed over the correct range.[2] Second, the district court independently erred when it reduced Chalk's sentence to the statutory

---

[2] The parties agreed, however, that the First Step Act had the effect of lowering Chalk's policy statement range.

3

maximum of 36 months' imprisonment without adequately explaining its decision in terms of the § 3553(a) factors. *See Collington*, 995 F.3d at 355.

We therefore vacate the district court's order granting Chalk's First Step Act motion and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*