**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-6189

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGG BRAXTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:08-cr-00187-HEH-RCY-1)

Submitted: July 13, 2021                           Decided: September 20, 2021

Before HARRIS and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Michael C. Moore, Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Greg Braxton appeals the district court's order partially granting his motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We vacate the district court's order and remand for reconsideration in light of *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020), *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021).

"We review the scope of a district court's sentencing authority under the First Step Act de novo[.]" *Chambers*, 956 F.3d at 671. We review the district court's decision whether to grant a First Step Act reduction to an eligible defendant for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020); see also *Collington*, 995 F.3d at 358 (applying reasonableness review to First Step Act sentence reductions).

In *Chambers*, we held that, "when imposing a new sentence" under the Act, "a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range." 956 F.3d at 672 (internal quotation marks omitted). "[A]ny Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Id.* at 668. Moreover, the Act neither "constrain[s] courts from recognizing Guidelines errors," *id.* at 668, nor "preclude[s] the court from applying intervening case law," *id.* at 672, in making its discretionary determination under the Act.

In *Collington*, we clarified three steps that a district court must take when considering a request for relief under Section 404 of the Act: (1) "accurately recalculate the Guidelines sentence range," (2) "correct original Guidelines errors and apply

2

intervening case law made retroactive to the original sentence," and (3) "consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355 (emphasis omitted). We further explained that "when a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id*. at 360; *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining, in context of original sentencing, that district court imposes procedurally unreasonable sentence by miscalculating applicable Guidelines range).

We provided further guidance to district courts in *Lancaster,* holding that a district "court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law." 997 F.3d at 175 (internal quotation marks omitted). Thus, we concluded that the district court committed reversible error when it declined to recalculate the appellant's Guidelines range without the career offender enhancement imposed at his original sentencing, which had been invalidated by intervening, nonretroactive authority in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). *Lancaster*, 997 F.3d at 176. We cautioned, however, that a First Step Act proceeding is not intended to act as a plenary resentencing or "a complete or new relitigation of Guidelines issues or the § 3553(a) factors," but instead "is defined by the gaps left from the original sentencing to enable the court to determine what sentence it

3

would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id.* at 175.

Here, in support of his request for a First Step Act reduction, Braxton argued that he no longer qualified as a career offender in light of Amendment 798. *See* U.S. Sentencing Guidelines Manual Supp. to 2015 Guidelines Manual, Amend. 798 (effective Aug. 1, 2016) (removing the residual clause from USSG § 4B1.2). The district court did not address this argument in ruling on Braxton's motion. We note that Braxton also no longer qualifies as a career offender under *Norman*. Because the district court did not have the benefit of our decisions in *Chambers*, *Collington*, and *Lancaster*, we vacate the district court's order and remand for reconsideration. By this disposition, we express no view on the ultimate merits of Braxton's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*