**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6708**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLEVELAND NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.  Malcolm J. Howard, Senior District Judge.  (3:94-cr-00057-H-2)

Submitted:  September 8, 2021                     Decided:  September 21, 2021

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Nelson appeals the district court's original and amended orders* granting in part his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). Nelson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal because Nelson received the relief that originally motivated his decision to appeal and the district court acted within its discretion when reducing Nelson's sentence. The Government declined to file a response brief. Nelson filed a pro se supplemental brief, arguing that the district court abused its discretion in declining to maintain the same proportional framework applied at his original sentencing when determining the extent of his sentence reduction. He also argues that his term of imprisonment, even as reduced, is excessive.

Following our review of the record pursuant to *Anders*, we identified several nonfrivolous issues for appeal. We directed the parties to provide supplemental briefs addressing: (1) whether any challenge to Nelson's reduced term of imprisonment is moot; and, if not, (2) whether the district court plainly erred in determining Nelson's revised Sentencing Guidelines range, in view of the district court's drug weight findings at

---

* Although Nelson's notice of appeal designated only the court's original May 9, 2019, order, *see* Fed. R. App. P. 3(c)(1)(B), we conclude that Nelson's pro se supplemental brief serves as the functional equivalent of a notice of appeal from the court's amended May 23, 2019, order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014); *United States v. Oliver*, 878 F.3d 120, 128-29 (4th Cir. 2017); *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009).

sentencing; and (3) whether the amended term of imprisonment imposed by the district court is unreasonable, in light of *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), and *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021). In response, Nelson's counsel filed a supplemental brief conceding that the appeal is moot. In light of this concession, we rescinded the briefing order. Because we conclude that we lack jurisdiction over portions of the appeal and otherwise discern no reversible error, we dismiss the appeal in part and affirm in part.

"Article III limits the jurisdiction of federal courts to cases and controversies." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 588 (internal quotation marks omitted). "If an event occurs during the pendency of an appeal that makes it impossible for a court to grant effective relief to a prevailing party, then the appeal must be dismissed as moot." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted).

Nelson's appeal of the district court's May 9, 2019, order granting partial First Step Act relief is moot, as that order was superseded by the court's May 23, 2019, order amending the revised sentence under Fed. R. Crim. P. 35(a). During the pendency of this appeal, Nelson also completed his term of imprisonment and commenced serving his supervised release term. Generally, completion of a prison sentence does not moot an appeal of that term of imprisonment when the defendant is serving a supervised release term. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). However, Nelson

3

concedes that any challenge to the amended term of imprisonment imposed in the May 23 order could not provide him effectual relief, as his supervised release term has already been reduced to the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(C); *see also Collington*, 995 F.3d at 357 ("[D]istrict courts are not empowered under section 404(b) to impose a new sentence *below* a statutory minimum set by the Fair Sentencing Act."). In light of this concession, and in the absence of contrary authority, we conclude that Nelson's challenge to his reduced term of imprisonment is now moot.

Nelson's challenge to his supervised release term, in contrast, is not wholly moot, given our *Anders* obligations and Nelson's ongoing service of that portion of his sentence. Nevertheless, in accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal of that reduced supervised release term.

Accordingly, we dismiss Nelson's appeal in part, insofar as he challenges the May 9 order and the portion of the May 23 order reducing his term of imprisonment. We affirm the May 23 order in part, insofar as Nelson challenges his reduced term of supervised release. This court requires that counsel inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review. If Nelson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*