**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-6099**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BAKARI AJAMU IZZARD,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:05-cr-01299-TLW-2)

—————————

Submitted:  September 28, 2021           Decided:  October 26, 2021

—————————

Before MOTZ, DIAZ, and HARRIS, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Bakari Ajamu Izzard, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bakari Ajamu Izzard appeals the district court's order denying relief on his motion for a sentence reduction filed pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. We vacate the district court's order and remand for reconsideration in light of *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021).

We review a district court's decision whether to grant a sentence reduction under the First Step Act for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020); *see also United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021) (applying reasonableness review to First Step Act reductions). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction – i.e., whether it is eligible for consideration on the merits." *Lancaster*, 997 F.3d at 174 (internal quotation marks omitted). If the eligibility criteria are satisfied, the district court "then [has] discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id.* at 175. In exercising its discretion, the district court "must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of intervening case law," and reconsider the § 3553(a) factors, "tak[ing] into account a defendant's conduct after his initial sentencing." *Id.* (internal quotation marks omitted).

This requires a district court to correct Guidelines errors based on nonretroactive changes in the law. *Id.* at 176. We cautioned, however, that this "analysis is not intended to constitute a plenary resentencing" or "a complete or new relitigation of Guidelines issues or the § 3553(a) factors." *Id.* at 175. "Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id.*

The district court correctly found that Izzard was eligible for relief under the First Step Act. However, although the court recalculated the Guidelines, it failed to consider intervening case law when doing so. The court relied on the fact that Izzard was a career offender under the Sentencing Guidelines and calculated his Guidelines range on that basis. But since then, "changes in law indicate that [Izzard] cannot now be sentenced as a career offender." *Id.* at 176; *see United States v. Norman*, 935 F.3d 232, 237–39 (4th Cir. 2019); *United States v. Montes-Flores*, 736 F.3d 357, 369 (4th Cir. 2013), *superseded on other grounds by statute*, S.C. Code Ann. §§ 16-3-29, 16-3-600.

Because the district court did not have the benefit of our decision in *Lancaster*, we vacate and remand for reconsideration. By this disposition, we express no view on the ultimate merits of Izzard's motion. We deny as unnecessary Izzard's motion for a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*