**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-7467**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TRAVIS COBRIAL CHALK,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:03-cr-00146-RGD-TEM-1)

Submitted: December 21, 2021        Decided: February 7, 2022

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Travis Cobrial Chalk, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Cobrial Chalk appeals the district court's order on remand granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and reducing his supervised release revocation sentence to 36 months' imprisonment. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). The district court also imposed an additional 23-month term of supervised release. On appeal, Chalk generally argues that the district court should have further reduced his prison sentence. Chalk also asserts that the district court made factual errors in considering the 18 U.S.C. § 3553(a) factors. Lastly, Chalk contends that the additional 23-month term of supervised release is illegal. For the reasons provided below, we affirm.

We review for abuse of discretion the district court's ruling on Chalk's First Step Act motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). In *United States v. Collington*, we explained that a district court is obliged to proceed in the following manner when imposing sentence under the First Step Act: (1) the court "must accurately recalculate the [Sentencing] Guidelines sentence range," (2) the court "must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "the court must consider the § 3553(a) factors to determine what sentence is appropriate." 995 F.3d 347, 355 (4th Cir. 2021).

Our *Collington* decision also ruled that when a district court "exercises [its] discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. A district court imposing sentence

2

under the First Step Act is therefore required to "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine . . . whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

On remand, the district court accurately recalculated Chalk's nonbinding policy statement range under Chapter Seven of the Guidelines. The district court also explained its decision to sentence Chalk to 36 months' imprisonment using the § 3553(a) factors. Although we recognize that the district court's summary of Chalk's criminal history in relation to the § 3553(a) factors contained two errors of fact, the court's broader point— that Chalk had amassed a significant criminal history as an adult before being sentenced to federal prison for the drug conspiracy offense underlying these proceedings—was accurate.[*] Accordingly, we are satisfied that these errors were harmless when the district court's assessment of the § 3553(a) factors is viewed in its totality. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."); *United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) ("An error is harmless if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." (internal

---

[*] The district court incorrectly stated that Chalk has multiple convictions for driving under the influence. Chalk has never been convicted of such an offense. Additionally, the district court wrongly suggested that Chalk had been convicted of distribution of crack cocaine as an adult.

quotation marks omitted)); *United States v. Myers*, 589 F.3d 117, 125 (4th Cir. 2009) (concluding that factual error at sentencing was harmless).

Chalk also argues that the district court's imposition of an additional 23-month term of supervised release is illegal. According to Chalk, the district court could not sentence him to any period of supervised release after having imposed the statutory maximum prison term upon revocation. *See* 18 U.S.C. § 3583(e)(3) (providing that, upon revocation of supervised release where underlying conviction is Class B felony, maximum prison sentence is three years). Based upon our review of the record, however, we conclude that the additional period of supervised release was permissible under 18 U.S.C. § 3583(h). *See United States v. Perez*, __ F.4th __, __, No. 21-4026, 2022 WL 55541, at *5 & n.5, *6 (4th Cir. Jan. 6, 2022) (explaining that maximum term of supervised release for violation of 21 U.S.C. § 841(b)(1)(B) is life).

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*