**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7310**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK MOORE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:01-cr-00129-GCM-1)

Submitted: February 28, 2022                      Decided: April 25, 2022

Before THACKER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Mark Moore, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Moore appeals the district court's order granting in part and denying in part his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Because the district court resolved Moore's First Step Act motion without the benefit of our decision in *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), we vacate and remand.

We review for abuse of discretion the district court's ruling on Moore's First Step Act motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). In *Collington*, we explained that a district court is obliged to proceed in the following manner when imposing sentence under the First Step Act: (1) the court "must accurately recalculate the [Sentencing] Guidelines . . . range," (2) the court "must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "the court must consider the [18 U.S.C.] § 3553(a) factors to determine what sentence is appropriate." 995 F.3d at 355.

Our *Collington* decision also ruled that when a district court "exercises [its] discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *Id.* at 358. A district court imposing sentence under the First Step Act is therefore required to "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine . . . whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

2

Here, the district court entered its order before we issued our opinion in *Collington*. The court declined to reduce Moore's prison sentence for his drug conspiracy offense based solely on its determination that the Guidelines range for that offense was unchanged. Because the district court did not consider the § 3553(a) factors in resolving Moore's First Step Act motion, we will vacate and remand so that it may do so in the first instance.[*]

We therefore vacate the district court's order granting in part and denying in part Moore's First Step Act motion and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] The district court's determination that Moore's Guidelines range was unchanged also implicates our decision in *Collington*, along with our decision in *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021). On remand, the court should consider whether those decisions affect that determination.

3