UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7253

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN JULIAN STEVENSON, a/k/a Ike, a/k/a Isaac,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  James P. Jones, Senior District Judge.  (5:93-cr-30025-JPJ-3)

Submitted:  April 21, 2022                                      Decided:  April 27, 2022

Before GREGORY, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Harrisonburg, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Julian Stevenson appeals the district court's opinion and order denying his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). Stevenson asserts that the district court procedurally erred by failing to consider his argument that reducing his sentence would not create an unwarranted sentencing disparity. We affirm.

Where, as here, a defendant is eligible for relief because he was convicted of a covered offense, the district court must analyze the 18 U.S.C. § 3553(a) factors to determine whether to exercise its discretion to reduce the defendant's sentence. First Step Act § 404(c), 132 Stat. at 5222 (stating that First Step Act does not "require a court to reduce [an eligible defendant's] sentence"); *see United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020) ("[T]he § 3553(a) sentencing factors apply in the § 404(b) resentencing context."). One purpose of reviewing the § 3553(a) factors is "to determine whether its balancing of the factors was still appropriate in light of intervening circumstances." *United States v. Lancaster*, 997 F.3d 171, 176 (4th Cir. 2021).

We review a district court's decision to grant or deny a sentence reduction under the First Step Act for abuse of discretion. *United States v. Jackson*, 952 F.3d 492, 495, 502 (4th Cir. 2020). The court abuses its discretion if it acts arbitrarily or irrationally, fails to consider judicially recognized factors, or relies on erroneous factual or legal premises. *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). In explaining the decision, the district court judge "need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal

2

decisionmaking authority." *United States v. McDonald*, 986 F.3d 402, 409 (4th Cir. 2021) (internal quotation marks omitted).

When considering a request for relief under § 404(b), a district court must: (1) "accurately recalculate the Guidelines sentence range," (2) "*correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence," and (3) "consider the § 3553(a) factors to determine what sentence is appropriate." *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021). "Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing." *Id.* at 358. This Court reviews the denial of a motion for a sentence reduction under § 404(b) for procedural and substantive reasonableness. *Id.* at 358-61. Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360.

Section 3553(a)(6) speaks of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The stated goal of § 3553(a)(6) is "to eliminate unwarranted sentencing disparities nationwide." *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996). "[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," and if the district court "correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Gall v. United States*, 552 U.S. 38, 54 (2007).

3

The district court is not required to address every argument a defendant makes. "Instead, the adequacy of the sentencing court's explanation depends on the complexity of each case and the appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances. At bottom, we look to whether the sentencing court has said enough to satisfy us that the court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (citations and internal quotation marks omitted).

Stevenson's contention that similarly situated defendants received sentence reductions was at best anecdotal. "[C]omparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized or because some defendants possess . . . a demonstrated propensity for criminal activity that is almost unique in its dimensions." *United States v. Rivera-Santana*, 668 F.3d 95, 105-06 (4th Cir. 2012). "[W]e are unwilling to isolate a possible sentencing disparity to the exclusion of all the other § 3553(a) factors." *Id*. at 106 (internal quotation marks omitted). Stevenson's reference to sentence reductions obtained by 12 defendants did not support a substantive argument that Stevenson's life sentence was out of line with similarly situated defendants. Stevenson failed to offer substantial support for his contention that a sentence reduction to time served would not produce an unwarranted sentencing disparity. We conclude that the district court adequately explained its denial of Stevenson's motion for a sentence reduction.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*