**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6796

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANCE WHITAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:09-cr-00091-D-1)

Submitted:  January 20, 2023                     Decided:  February 10, 2023

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Karen K. Haughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Whitaker appeals the district court's order granting in part his motion for relief under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Finding no reversible error, we affirm.

Whitaker first contends that the district court did not correctly apply our mandate in ruling on his motion. *See United States v. Whitaker*, No. 21-6448, 2022 WL 1830701 (4th Cir. June 3, 2022) (argued but unpublished). "We review de novo the district court's interpretation of the mandate." *United States v. Pileggi*, 703 F.3d 675, 679 (4th Cir. 2013) (internal quotation marks omitted). "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). "[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining relevant evidence on that issue that it could have heard at the first hearing." *Id.* "But the mandate rule forecloses litigation of issues foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Pileggi*, 703 F.3d at 679 (cleaned up).

The district court correctly interpreted our mandate. The central issue for Whitaker's judicial vindictiveness argument in the prior appeal was the increase in the supervised release term from 8 to 10 years. The concluding sentence of the operative paragraph in our prior opinion could not have been clearer: "we vacate and remand to the district court for resentencing to either provide an explanation or impose the same eight-

2

year term of supervised release." *Whitaker*, 2022 WL 1830701, at *2. The district court did exactly what we asked it to do: it imposed the same eight-year term of supervised release that it had previously. While the district court did not conduct any further proceedings, we do not believe they were necessary in this case. *See United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021) (recognizing a defendant who files a Section 404 motion is not entitled to a plenary resentencing hearing).

Whitaker also argues that his sentence is substantively unreasonable. We review the sentence imposed for procedural and substantive reasonableness. *Id.* at 358-59; *see also United States v. Swain*, 49 F.4th 398, 399, 402 (4th Cir. 2022). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Swain*, 49 F.4th at 402 (internal quotation marks omitted).

Whitaker relies on *Swain* to support his argument that his sentence is substantively unreasonable. But, importantly, we were reviewing a variant sentence in *Swain* and, as we explained, "we must more carefully scrutinize the reasoning offered by the district court in support of the sentence." *Id.* at 403 (cleaned up). By contrast, Whitaker's sentence is below his Sentencing Guidelines range, and we apply "a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks

3

omitted).  We conclude that Whitaker cannot rebut the presumption in this case.  *See Swain*, 49 F.4th at 403 ("[G]enerally, a defendant's disagreement with how a district court balances the § 3553(a) factors is insufficient to overcome the district court's discretion.").

Therefore, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*