**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 21-6952**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RASHON ANDRE EDWARDS,

Defendant – Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:08-cr-00011-D-1)

―――――――――

Submitted:  April 17, 2024                          Decided:  July 17, 2024

―――――――――

Before AGEE and WYNN, Circuit Judges, and Gina M. GROH, United States District Judge for the Northern District of West Virginia, sitting by designation.

―――――――――

Affirmed by unpublished opinion. Judge Groh wrote the opinion, in which Judge Agee joined. Judge Wynn wrote a dissenting opinion.

―――――――――

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

GROH, District Judge:

Rashon Andre Edwards appeals the district court's denial of his motion for a sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). On appeal, Edwards argues that the district court abused its discretion by denying his motion. Because the district court considered Edwards's arguments and explained its decision, we affirm.

In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction—i.e., whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (internal quotation marks omitted). If the movant is eligible for a sentence reduction, the district court "then [has] discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id.* at 175.

"While Congress certainly gave district courts the discretion under section 404 not to impose sentence reductions, that discretion must be reviewed in light of the First Step Act's remedial purpose." *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (citation omitted). However, "a district court is not required to modify a sentence for any reason." *Concepcion v. United States*, 597 U.S. 481, 496 (2022). Accordingly, "'[d]rawing meaning from silence is particularly inappropriate' in the sentencing context, 'for Congress has shown that it knows how to direct sentencing practices in express terms.'" *Id.* at 497 (quoting *Kimbrough v. United States*, 552 U.S. 85, 103 (2007)).

The Supreme Court also explained that "a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments

3

that it does not find compelling without a detailed explanation." *Id.* at 501. The First Step Act affords district courts broad discretion, and as a result, it "counsels in favor of deferential appellate review." *Id.* An appellate court steps outside the bounds of its role when it "substitute[s] its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Id.* (quoting *Solem v. Helm*, 463 U.S. 277, 290 n.16 (1983)).

The First Step Act does not require district courts "to make a point-by-point rebuttal of the parties' arguments"; the sentencing court must simply "demonstrate that it has considered the arguments before it." *United States v. Rozelle*, No. 21-6901, 2023 WL 6619539, at *3 (4th Cir. Oct. 11, 2023) (quoting *Concepcion*, at 502). This Court has acknowledged that "a district court's discretion is broad and its burden light." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir.), *cert. denied*, 144 S. Ct. 167 (2023).

In this Circuit, district courts must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 185 (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021)). But the requirement to adequately explain a decision must be squared with the Supreme Court's closing lines in *Concepcion*:

> All that is required is for a district court to demonstrate that it has considered the arguments before it. The First Step Act does not require a district court to be persuaded by the nonfrivolous arguments raised by the parties before it, but it does require the court to consider them.

597 U.S. at 502.

4

When Edwards was sentenced on December 17, 2008, his guideline range was 262 to 327 months. The district court sentenced him to serve 300 months in prison. The district court found Edwards's conviction is a covered offense under section 404(a) of the First Step Act and calculated his new advisory guideline range to be 70 to 87 months.[1] Importantly, the district court explained that it "completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a)." JA111. We may presume when a district court says it reviewed the record, it did.

After explaining the concerning circumstances that led Edwards to be charged in this matter, the district court stated, "Edwards is a violent recidivist" and went on to list his numerous convictions. JA112. Next, the court not only recognized "some positive steps while incarcerated" but also contrasted those by listing Edwards's infractions and the dates for each, ranging from 2009 to 2020. *Id.* His most recent infraction was for an assault he committed the same year he filed the motion for a sentence reduction. JA165.

The district court's decision not to reduce Edwards's sentence was explicitly based upon his "serious criminal conduct, terrible criminal record, poor performance on

---

[1] The parties now agree that the district court incorrectly determined Edwards's guideline range, and it is actually 188–235 months. *See* Response Br. 17; Reply Br. 4–5. This error, however, is harmless because "the district court denied relief even under the incorrect lower range," and therefore "there's no reasonable probability that the outcome would have been different had the court recognized its mistake." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023).

supervision, serious misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Edwards[.]" *Id.* The district court again noted that it had reached this decision after considering "the entire record, Edwards's arguments, and the section 3553(a) factors." *Id.*

It is worth noting that the same judge who sentenced Edwards in 2008 considered and denied this First Step Act motion. District courts are burdened with the unenviable but necessary task of regularly sentencing individuals who have been convicted of crimes in federal court. Judges spend hours preparing for and presiding over each sentencing hearing. This includes reviewing lengthy presentence investigation reports, the parties' objections, sentencing memoranda, motions for variance or departure, statements by the defendant, victim(s), family members, and experts, as well as the arguments of counsel. Having considered all of this, the court must then determine a sentence, also bearing in mind the law, purposes of sentencing, advisory guidelines, and person standing before the court. Only a few yards separate the judge from that person as their sentence is pronounced. Under the First Step Act's discretionary framework, the sentencing judge is best situated to determine whether a reduction is warranted.

When, as here, the district court has explicitly stated that it reviewed and considered the entire record and every argument presented, provided an explanation for its decision not to reduce the sentence, and even supported that explanation with facts from the record, it has clearly satisfied the First Step Act's requirements. The court need not "be persuaded by the nonfrivolous arguments" before it, but it is required "to consider them." *Concepcion*, 597 U.S. at 502. That is precisely what the district court did in this case.

6

In his dissent, Judge Wynn contends *United States v. Swain* requires us to provide Edwards the shorter sentence he seeks. 49 F.4th 398 (4th Cir. 2022). In *Swain*, the district court's order denying a sentence reduction was held to be substantively unreasonable because it did not adequately explain its decision. *Id.* at 403–04.

After *Swain*, Chief Judge Diaz authored the opinion in *United States v. Smith*, 75 F.4th 459 (4th Cir. 2023). The *Smith* court affirmed the denial of a motion for reduced sentence, finding the district court considered "remedial aims, as well as all other nonfrivolous arguments, before exercising its broad discretion to deny sentencing relief." *Id.* at 469. The appellant in *Smith* understandably relied heavily upon *Swain*. Smith argued that the district court made the same errors in his case that the *Swain* court relied upon: not explicitly mentioning that the sentence was a significant upward variance under the new guideline range and not discussing the remedial aims of the FSA. *Id.* at 467.

Just as the *Smith* Court did, "we decline to read *Swain* as requiring district courts to robotically tick through these effects of the First Step Act in sentencing. To do so would impose conditions beyond our modest 'requirement that [the district court] adequately explain its sentencing decision.'" *Id.* (quoting *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021), *abrogated on other grounds by Concepcion*, 597 U.S. 481). This court's decision in *Smith* is not only binding and good law, but also it was decided after *Swain*, providing clarification and more recent direction for cases like the one before us.

All three of these cases, like many others, share numerous commonalities. Regardless of the similarities we could draw, the question before us—as indicated by *Swain* and *Smith*—is whether the district court's decision was substantively reasonable and

adequately explained. Based upon the facts before us in this case, we find no reason to reverse the district court's decision. We therefore conclude that the district court did not abuse its discretion and affirm its order.

*AFFIRMED*

WYNN, Circuit Judge, dissenting:

This case should be an open-and-shut application of our binding decision in *United States v. Swain*, 49 F.4th 398 (4th Cir. 2022). *Swain* held that a nearly identical order denying a motion for resentencing was substantively unreasonable. Because *Swain* remains good law and there is no meaningful basis on which to distinguish that case from this one, we should reach the same result here.

When a district court denies a motion for a sentencing reduction pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5222, we may not substitute our own "judgment for that of the sentencing court as to the appropriateness of a particular sentence." *Concepcion v. United States*, 597 U.S. 481, 501 (2022) (quoting *Solem v. Helm*, 463 U.S. 277, 290 n.16 (1983)).

But our review is not toothless. Rather, we must ensure that the district court's "decision to retain or reduce a sentence under the First Step Act" is neither procedurally nor substantively unreasonable. *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023); *see also United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023); *Swain*, 49 F.4th at 401–02.

"A sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *Swain*, 49 F.4th at 402 (quoting *United States v. Fowler*, 948 F.3d

8

663, 668 (4th Cir. 2020)). In *Swain*—this Court's first published opinion applying the Supreme Court's decision in *Concepcion v. United States*—we determined that a district court's denial of a § 404 motion on facts like those present here was substantively unreasonable. The movant in that case, Mitchell Swain, was originally sentenced to a within-guidelines 324 months' imprisonment for drug offenses but later sought resentencing because retroactive application of the Fair Sentencing Act reduced his guidelines range to 210 to 262 months. *Id.* at 400. So, Swain's original sentence was 62 months higher than the top end of his updated guidelines range.

The district court judge—who presided over both *Swain* and this case—recognized the reduced guidelines range but still denied relief. *Id.* In doing so, he explained that he based his decision on "Swain's terrible criminal conduct, serious criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, and the need to incapacitate Swain[.]" *United States v. Swain*, No. 4:07-CR-62-D, 2021 WL 298189, at *2 (E.D.N.C. Jan. 28, 2021).

We held the decision to deny relief was substantively unreasonable because "the district court [had] relied on largely the same factual basis to deny [Swain's] motion for a reduced sentence as it did to impose" his original sentence "despite the fact that [Swain's] amended Guidelines range decreased by five to ten years," and because the district court had "placed too little weight on the remedial aims of the First Step Act." *Swain*, 49 F.4th at 403.

9

The facts here are materially identical to those in *Swain* and should therefore lead to the same result. Like Swain, Edwards was convicted of drug offenses for which the First Step Act retroactively reduced the sentencing guidelines range.

Also like Swain, Edwards's sentence far exceeds the top end of his updated guidelines range. Edwards was originally sentenced to a within-guidelines 300 months in prison, and the First Step Act retroactively reduced both the top and bottom of his guidelines sentencing range by more than six years. His updated guidelines sentencing range is 188–235 months, so his current sentence is 65 months above the top end of his updated guidelines range—strikingly similar to Swain's 62-month difference.

Further, the district court used nearly identical language in its order denying relief in both this case and *Swain*. Here, the district court denied § 404 relief "[i]n light of Edwards's serious criminal conduct, terrible criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Edwards." *United States v. Edwards*, No. 5:08-CR-11-D, 2021 WL 2403442, at *3 (E.D.N.C. June 11, 2021). In *Swain*, the district court listed the same justifications nearly verbatim. *See Swain*, 2021 WL 298189, at *2.

Given the similarities in their underlying offenses, the gaps between their sentences and updated guidelines ranges, and district court's justifications for denying relief, I see no basis for treating this case differently than *Swain*. If anything, the denial of relief in this case is *more* unreasonable than the denial in *Swain* because Edwards is now beset by a

10

litany of medical problems, including sarcoidosis and heart failure, that counsel in favor of a shorter sentence.

The majority opinion claims that it can disregard *Swain* because it is following this Court's decision in *United States v. Smith*, 75 F.4th 459 (4th Cir. 2023). But *Smith* did not—and could not—abrogate *Swain*, and the majority opinion provides no reason why this case is more analogous to *Smith* than to *Swain*.

*Swain*, *Smith*, and this case share most of their basic facts. Similarly to Swain and Edwards, Smith was convicted of a drug offense, sentenced to 240 months' imprisonment, and moved for § 404 relief once the guidelines range for his offense was updated to a range of 130 to 162 months—topping out at 78 months less than Smith's sentence. *See Smith*, 75 F.4th at 463–64. And as in this case and *Swain*, the district court in *Smith* denied § 404 relief. *See id.* at 464. On appeal, we affirmed the district court's decision in *Smith*. *Id.* at 469.

The majority opinion suggests that we can therefore ignore *Swain* because *Smith* "was decided after *Swain*, providing clarification and more recent direction for cases like the one before us." Maj. Op. at 7. But it is a "basic rule that one panel cannot overrule another[.]" *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc). So, if the majority perceives a conflict between *Smith* and *Swain*, it is not free to follow the more recent opinion—quite the opposite. If a panel perceives two earlier panel decisions as conflicting, the panel must "follow the earlier of the conflicting opinions." *Id.* We may therefore only follow *Smith* instead of *Swain* if there is a distinguishing feature in this case that aligns it with *Smith* rather than *Swain*.

11

So, some effort should be made by the majority opinion to explain why factual distinctions between this case and *Swain* support its departure from that binding precedent. Because no such effort is made, and further, there is no meaningful basis on which to distinguish *Swain* from this case, I must respectfully dissent.